**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

**ALMONDNET, INC. and INTENT IQ, LLC,**

***Plaintiffs,***

**v.**

**SNAP INC.,**

***Defendant.***

**Civil Action No. 7:25-cv-00181-DC-DTG**

**JURY TRIAL DEMANDED**

**SNAP INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**


I. Introduction. ..... 1

II. The FAC fails to disclose how Snap directly infringes the ’198 Patent. ..... 1

III. The FAC fails to disclose how Snap directly infringes the ’398 Patent. ..... 5

IV. The FAC fails to disclose how Snap indirectly infringes the ’146 Patent. ..... 6

V. Plaintiffs do not oppose dismissal of pre-suit claims of willful or induced infringement. ..... 8

VI. The Court should deny Plaintiffs’ request to replead and dismiss with prejudice. ..... 9

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adnexus Inc. v. Meta Platforms, Inc.*
No. 6:23-cv-152-JKP, 2024 WL 409738 (W.D. Tex. Feb. 2, 2024) .........................2, 3, 5, 7, 9

*AK Meeting IP LLC v. Zoho Corp.*
No. 1:22-cv-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023) ............................3, 5

*BillJCo, LLC v. Apple Inc.*
583 F. Supp. 3d 769 (W.D. Tex. 2022).........................................................................8

*Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*
No. 1:22-cv-00346-RP, 2023 WL 28438 (W.D. Tex. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 231198 (W.D. Tex. Jan. 18, 2023).............................4, 6

*De La Vega v. Microsoft Corp.*
No. W-19-cv-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............................6

*Edionwe v. Bailey*
860 F.3d 287 (5th Cir. 2017) .........................................................................................10

*Endobotics, LLC v. Fujifilm Healthcare Americas Corp.*
No. 24-CV-2266 (NSR), 2025 WL 1549027 (S.D.N.Y. May 29, 2025)..................................8

*Flypsi, Inc. v. Google LLC*
No. 6:22-cv-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ...............................8

*HourExchange, LLC v. Student Loan Benefits, Inc.*
No. 1:22-cv-00356-RP, 2023 WL 139150 (W.D. Tex. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 11830026 (W.D. Tex. Mar. 9, 2023) .............................4

*Legate v. Livingston*
822 F.3d 207 (5th Cir. 2016) .........................................................................................10

*Shamoon v. City of San Antonio*
No. SA-18-cv-00718-XR, 2025 WL 1356399 (W.D. Tex. April 30, 2025)..................3, 5, 7, 9

*USC IP P'ship, L.P. v. Facebook, Inc.*
No. 6:20-cv-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021)...............................9

*Vervain, LLC v. Micron Tech., Inc.*
No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................................3, 4

Other Authorities

Federal Rule of Civil Procedure 12(b)(6) ....................1

## I. Introduction.

Rather than rebut Snap's Motion, Plaintiffs' Opposition confirms that their FAC fails to state a plausible claim of infringement. The Opposition does not identify any specific facts to support the Plaintiffs' claims, and instead repeatedly argues that Plaintiffs' vague and conclusory allegations are sufficient. Courts in this District, however, have repeatedly dismissed *with prejudice* patent infringement claims where a plaintiff failed to identify specific facts to support key limitations that are material to the claimed invention. Because the FAC fails to include necessary factual allegations sufficient to support its claims, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper.

## II. The FAC fails to disclose how Snap directly infringes the '198 Patent.

To allege direct infringement, claim 1 of the '198 Patent requires Snap to receive a notice that "results from and signifies a first television advertisement presented using the first set-top box that corresponds to the first set-top box identifier." Doc. 38, pp. 11-13;[1] Doc. 32-1, claim 1. Plaintiffs' Opposition does not dispute this.[2] Doc. 43, pp. 5-8. In response to Snap's Motion to Dismiss, however, Plaintiffs' Opposition identifies no specific facts to support this limitation. Doc.

[1] Citations to documents filed on Pacer refer to the pagination assigned by Pacer and appearing at the top of the page.

[2] Plaintiffs argue in a footnote that Snap "abandoned" the failure to state a claim theory that it presented in its original motion to dismiss. Doc. 43, p. 5 at n. 1. Plaintiffs are wrong and their argument is irrelevant. Snap's original motion made the same argument that it makes now and expressly stated that Plaintiffs failed to "allege[] that Snap receives anything that 'results from and signifies a first television advertisement' [that] was presented 'using the first set-top box that corresponds to the first set-top box identifier.'" Doc. 13, p. 13. Snap reiterated this argument in its original reply. *E.g.*, Doc. 25, p. 9. While Snap did not renew other arguments it made in its original motion (*e.g.*, the failure to plead facts supporting a divided infringement theory) it did not "abandon" those legal theories. Moreover, Snap's decision not to renew other arguments made in its original motion to dismiss has nothing to do with its current Motion.

43, pp. 5-8. Instead, Plaintiffs argue that the following general allegations are sufficient to support an inference that Snap receives the claimed notice:

- "Snap receives information 'from Snap's advertisers and partners' describing '[users'] activity on the websites and platforms of [Snap's] advertisers and partners'" (Doc. 43, p. 5);
- "Snap . . . receives information about the 'TV, film, and video [sic] [users] like to watch'" (*Id.* at p. 6); and
- "Snap . . . receives information when '[users] search for a movie on a website that shares data with Snap'" (*Id.*).[3]

Plaintiffs instead argue the law permits them to make conclusory allegations of infringement so long as they identify general facts untethered to the actual claim language. Plaintiffs are wrong and the Court should reject this argument. Courts in this District consistently require plaintiffs to identify specific factual allegations supporting their direct infringement claims.

For example, in *Adnexus Inc. v. Meta Platforms, Inc.*, the asserted patent required the accused product retrieve a user profile associated with a recipient from a visitor information database where the profile included at least the user's delivery method preferences. No. 6:23-cv-152-JKP, 2024 WL 409738, at *4 (W.D. Tex. Feb. 2, 2024). The plaintiff's complaint alleged the accused product met this limitation because it included forms that pre-filled (*e.g.*, automatically completed) a user's contact information. *Id.* at *5. The Court held this failed to disclose that a user's profile included the required "delivery method preferences" because "contact information" is different from "delivery method preferences." *Id.* While the facts sufficiently alleged the existence of a user profile, they did not adequately allege the accused product retrieved a user

---

[3] The Opposition also randomly claims that "ad-viewing activity is indisputably within the umbrella of '[a user's] activities off Snapchat'…, such as when a user views or clicks on an advertisement displayed on Hulu[.]" Doc. 43, p. 6. But none of the so-called "facts" that Plaintiffs identify in either the FAC or claim chart relate to Hulu and the Opposition cites nothing to support this statement. *Id.* Moreover, claim 1 requires more than just "ad-viewing off Snapchat" and instead requires notice that a particular ad was presented on a set-top box associated with a set-top box identifier.

profile that included at least the user's delivery method preferences. *Id.* The Court dismissed the complaint with prejudice. *Id.*

In *Shamoon v. City of San Antonio* the Court similarly dismissed a complaint with prejudice because it failed to allege specific facts supporting direct infringement. No. SA-18-cv-00718-XR, 2025 WL 1356399, at **4-6 (W.D. Tex. April 30, 2025). There, the claim required two-way communication of "control" information between a base unit and a remote unit using SMS text messages. *Id.* at **4-5. The complaint generally alleged that the defendant's accused products met this limitation because the accused products' users could control a Honeywell device remotely using an iPhone. *Id.* The Court rejected the plaintiff's argument that it could reasonably infer the communication between the Honeywell device and the iPhone occurred via SMS text messages. *Id.* It held that the plaintiff's *general* allegation failed to provide sufficient factual support "for how the Accused Products infringe on the SMS Limitation" and dismissed the complaint with prejudice. *Id.* at *6; *see also AK Meeting IP LLC v. Zoho Corp.*, No. 1:22-cv-1165-LY, 2023 WL 1787303, at **4-6 (W.D. Tex. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023) (dismissing complaint for failing to allege sufficient facts to disclose how defendant allegedly infringed claim limitations).

In a last ditch effort to save the FAC, Plaintiffs argue the case law Snap relies upon is distinguishable because it involved a case where the disputed limitations captured the asserted patent's "point of novelty." Doc. 43, p. 7. The Opposition argues that Snap failed to argue that "receiv[ing] a notice that 'results from and signifies a first television advertisement presented using the first set-top box that corresponds to the first set-top box identifier'" comprised the '198 patent's point of novelty, and thus *Vervain, LLC* is inapplicable. *Id.* at p. 5. The Opposition misapprehends both Snap's argument and the law. The '198 Patent itself purports to solve a problem presented by

"targeting advertising in one medium" "based on activity in another." Doc. 32-1, 8:64-9:2. The '198 Patent itself acknowledges that prior art systems existed to target advertisements based on "user, viewer, or customer behavior." *Id.*, 8:34-36. Accordingly, Snap's Motion argued that the disputed limitation was material to the asserted method claim and the FAC did nothing more than identify facts suggesting Snap used generic "targeted advertising" (*e.g.*, concepts disclosed by prior art discussed in the '198 Patent itself). Doc. 32, p. 12.

While the Court in *Vervain, LLC v. Micron Tech., Inc.* did find that the claimed limitation was material "*at least because*" facts suggested the limitations captured the point of novelty, its decision ultimately turned on the "materiality of [the] given element to practicing the asserted claim[.]" No. 6:21-cv-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022). Here, the disputed limitation is clearly material to practicing the asserted claim. Moreover, courts in this District do not limit findings of materiality solely to cases where plaintiffs admit the disputed elements comprise the point of novelty. *E.g., HourExchange, LLC v. Student Loan Benefits, Inc.*, No. 1:22-cv-00356-RP, 2023 WL 139150, at **3-4 (W.D. Tex. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 11830026 (W.D. Tex. Mar. 9, 2023) ("In this case, more detailed pleading is necessary because the technology relates to software, the claims are complex, and there is no indication that the [disputed] claim limitation is not material to practicing the asserted claim."); *Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, No. 1:22-cv-00346-RP, 2023 WL 28438, at **3-4 (W.D. Tex. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 231198 (W.D. Tex. Jan. 18, 2023) (dismissing complaint and stating that "[w]hile the technology involved in the accused products does not appear to be highly complex, the Court agrees with [defendant] that a [disputed limitation] is material to practicing the asserted Claim").

Plaintiffs' allegations in this case are similar to those the Court rejected in *Adnexus* and *Shamoon.* So are the excuses Plaintiffs provide for their failure to allege sufficient facts. Because none of the documentation Plaintiffs cite remotely suggests that Snap's systems receive a notice that both "includes or references a first set-top box identifier" and "results from and signifies a first television advertisement presented using the first set-top box identified that corresponds to the first set-top box identifier," Snap respectfully requests that the Court dismiss Plaintiffs' claim of direct infringement of the '198 Patent.

**III. <u>The FAC fails to disclose how Snap directly infringes the '398 Patent.</u>**

The FAC's claim that Snap directly infringes the '398 Patent fails for similar reasons. Snap's Motion argues that Plaintiffs failed to identify or otherwise explain how a "second device might be 'indicated at the time of the action' by an electronic identifier that is electronically associated with the first device identifier," which claim limitation 13[a] requires. Doc. 38, pp. 13-14. In response to this argument, the Opposition only points to facts associated with a totally different limitation –13[b] – to support limitation 13[a]. Doc. 43, p. 8. Courts in this District, however, have cautioned plaintiffs against "mixing and matching" patent features to allege infringement. *See AK Meeting IP*, 2023 WL 1787303, at **4-5 (dismissing complaint because it accused disparate products and failed to adequately plead integration of those products to state a claim for direct infringement). Moreover, Plaintiffs' Opposition sets up and knocks down a strawman by identifying "facts" in response to an issue that Snap's Motion does not actually raise. Snap never argued that Plaintiffs failed to disclose "identifiers" (e.g., IP addresses). Doc. 38, pp. 13-24. Instead, Snap's Motion argues that the FAC and attached claim chart fails to explain how the second device is *indicated at the time of the automatic action*. *Id.* Like the complaint in *AK Meeting IP*, Plaintiffs' citation of Snap's privacy policy, targeted advertising offerings, and Snap Pixel products fail to allege how these disparate features work alone or in concert to infringe claim

limitation 13[a], which requires the second identifier to be indicated automatically at a particular point in time.

Additionally, courts in this District routinely dismiss complaints that fail to disclose how the alleged facts (*e.g.*, claim chart images) meet the claim limitations. For example, in *Bowmar Archery*, 2023 WL 28438, at *2 the plaintiff provided a claim chart with photos of the defendant's product and alleged the accused product met the claim limitations. The plaintiff's complaint and claim chart, however, failed to identify supporting facts describing how the images met the particular elements of the claim limitations. *Id.* at *3. Because plaintiff's assertion that the accused products met the disputed limitation was "not apparent from the photos[,]" the Court held that the complaint did not include sufficient factual support that would allow the Court to draw a reasonable inference that the defendant is liable. *Id.* at *4. It dismissed the claim. *Id.*

Plaintiffs' FAC suffers from the same problems as the complaint in *Bowmar Archery*. It simply cuts and pastes screenshots that do not support the claim elements, providing no information as to how Snap's accused products infringe. *See also De La Vega v. Microsoft Corp.*, No. W-19-cv-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020). The Court should dismiss this claim.

## IV. <u>The FAC fails to disclose how Snap indirectly infringes the '146 Patent.</u>

The Opposition does not dispute that to allege Snap induces third parties to infringe the '146 Patent, the Plaintiffs must identify facts that show: (1) Snap's advertising partners use their computer systems automatically to direct bid prices *to Snap's servers* for the display of ads in the Snapchat application in a manner that infringes claim 1; (2) Snap specifically intends to encourage its advertising partners to use their computer systems to direct bids *to Snap's servers* in an allegedly infringing manner; and (3) Snap takes active steps to induce this infringement. Doc. 38, p. 16; Doc. 43, pp. 9-12. The Court should dismiss this claim because neither the Opposition

nor the FAC identify any facts that suggest *Snap's servers* use the allegedly infringing open source real time bid ("RTB") protocol that Plaintiffs rely upon to support their claim. Doc. 43, pp. 9-10. Instead, despite having months to conduct a pre-complaint investigation and weeks to respond to Snap's Motion to Dismiss, the best Plaintiffs can muster is that "ads must be served with ***some*** protocol" and the open source RTB protocol used in the FAC's claim charts is "popular." Doc. 43, p. 10 (emphasis in original). This is categorically insufficient to allege that Snap induces others to infringe. *E.g.*, *Adnexus*, 2024 WL 409738, at **4-5 (dismissing indirect infringement claim with prejudice); *Shamoon*, 2025 WL 1356399, at **4-6 (same).

The Opposition criticizes Snap for not disputing that it solicits bids using the open-source RTB protocol charted in the FAC, but this is a red herring. Snap did not dispute Plaintiffs' factually unsupported and conclusory allegation for one simple reason—this is a 12(b)(6) Motion and not a Motion for Summary Judgment. Snap's adherence to the legal requirements for bringing a 12(b)(6) Motion does not absolve Plaintiffs of their obligation to plead facts sufficient to allege Snap infringes the '146 Patent.[4]

Next the Opposition argues that even if Plaintiffs failed to connect Snap to the allegedly infringing open source RTB protocol, the FAC identified facts that purportedly show "Snap provides information to advertising partners *who operate real-time bidding systems*." Doc. 43, p. 11 (citing Doc. 32-6 at 12-24).[5] Nothing in the materials Plaintiffs cite, however, suggest that these advertising partners use the open source RTB protocol or that they use the Interactive Advertising

[4] As set forth in the Declaration of Anirudh Venkatesh, which Snap submitted in support of its Amended Motion to Transfer, it does not currently integrate any of its systems with any Third-Party Ad Networks. Doc. 44-2, ¶ 5. This is likely why Plaintiffs were unable to identify any facts suggesting Snap uses an open source RTB protocol with any other entity. *Id.*

[5] Plaintiffs' page citations refer to the page number at the bottom of the page.

Bureau's github repository, which Plaintiffs allege meet the other claim limitations. *Id.* At most, the cited materials suggest that certain advertisers (*e.g.*, Trade Desk and Meta) have real-time bidding systems. *Id.* The Court should reject Plaintiffs' sleight of hand—identifying advertisers who allegedly use real-time bidding systems does not support an allegation that Snap uses the accused open source RTB protocol to induce those advertisers to infringe the asserted method. Moreover, nothing in the materials Plaintiffs cite remotely suggests that *Snap's servers* communicate with any advertising systems in a manner that induces them to infringe. *Id.* Plaintiffs inability to identify particular facts linking Snap's conduct to the alleged direct infringement of others is precisely why courts disregard allegations "on information and belief." *E.g.*, *Endobotics, LLC v. Fujifilm Healthcare Americas Corp.*, No. 24-CV-2266 (NSR), 2025 WL 1549027, at *2 (S.D.N.Y. May 29, 2025) (granting 12(b)(6) and dismissing claim).

Plaintiffs' argument that they identified sufficient facts to support their allegations that Snap intends for advertisers to infringe the '146 Patent and takes active steps to induce the activity is entirely dependent upon the phantom "connection" between the open source RTB protocol and Snap. Because Plaintiffs failed to set forth any facts suggesting Snap uses or otherwise implements the open source RTB protocol, these arguments also fail. Snap respectfully asks the Court to dismiss Plaintiffs' claim that Snap indirectly infringes the '146 Patent.

## V. <u>Plaintiffs do not oppose dismissal of pre-suit claims of willful or induced infringement.</u>

The Opposition states that Plaintiffs do not oppose dismissing its claims of pre-suit willful and/or induced infringement. Doc. 43, pp. 12-13. Dismissing such claims narrows the facts and legal issues in dispute. The Court should dismiss these claims. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022) (dismissing pre-suit willful and indirect infringement claims); *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-0031-ADA, 2022 WL 3593053, at *4 (W.D. Tex. Aug.

22, 2022) (same); *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-cv-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021) (same).

## VI. The Court should deny Plaintiffs' request to replead and dismiss with prejudice.

Plaintiffs' FAC fails to state a claim upon which relief can be granted and should be dismissed with prejudice and without leave to amend. Plaintiffs have already amended once. Snap's motion to dismiss the Original Complaint (Doc. 13) and reply in support (Doc. 25) expressly argued that the Original Complaint failed to allege Snap directly infringes the '198 Patent because nothing in the Complaint supported an assertion that Snap "receives a notice that 'results from and signifies a first television advertisement presented using the first set-top box that corresponds to the first set-top box identifier.'" *E.g.*, Doc. 13, p. 13; Doc. 25, p. 9. In other words, the exact same argument Snap now makes in its Motion to Dismiss the FAC. Doc. 38, pp. 11-13.

Plaintiff *sua sponte* filed the FAC five months after it initially sued Snap and one month after the parties fully briefed Snap's motion to dismiss the Original Complaint. Plaintiff did not identify any new facts in the FAC to support its allegation that Snap directly infringes the '198 Patent. *Compare* Doc. 1 ¶¶ 7-15 *to* Doc. 32 ¶¶ 9-18; Doc. 1-2, pp. 2-19 *to* Doc. 32-2, pp. 2-19. The Original Complaint and FAC even include the same *typographical errors*. *E.g.*, Doc. 1 ¶ 9 (citing "Devie Targeting"); Doc. 32 ¶ 11 (same). Instead of addressing the arguments Snap made in its original motion, the FAC added two new asserted patents (the '398 and '146) to the case and also added AlmondNet, Inc. as a plaintiff. Moreover, and as set forth in Snap's current Motion (Doc. 38), the FAC makes the same vague and conclusory allegations against Snap for the new patents as it did in the Original Complaint for the '198 Patent.

Plaintiffs had their chance to plead their case—twice—and failed. *Adnexus*, 2024 WL 409738, at **5-6 (dismissing FAC with prejudice); *Shamoon*, 2025 WL 1356399, at **6-7 (denying request for leave to amend and dismissing case with prejudice). The Opposition identifies

no specific factual allegations that would save Plaintiffs' claims. The Opposition also does not state how an amendment would address the deficiencies Snap has now twice identified. The Court should not permit Plaintiffs a third bite at the apple. *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (leave to amend is not required where movant fails to inform court of facts it would plead in amended complaint to cure any deficiencies); *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (affirming denial of informal request for leave where Plaintiff "failed to specifically identify" facts that would make amendment plausible).

December 5, 2025

Respectfully submitted,

*/s/Jennifer H. Doan*

Jennifer H. Doan
Texas Bar No. 08809050
Mariah L. Hornok
Texas Bar No. 24113074
**HALTOM & DOAN**
2900 St. Michael Drive, Suite 500
Texarkana, TX 75503
Telephone: (903) 255-1000
Email: jdoan@haltomdoan.com
Email: mhornok@haltomdoan.com

**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
Steven G. Schortgen
Texas Bar No. 00794603
sschortgen@sheppardmullin.com
Jennifer Klein Ayers
Texas Bar No. 24069322
jayers@sheppardmullin.com
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401

**ATTORNEYS FOR DEFENDANT SNAP INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on December 5, 2025.

*/s/ Jennifer H. Doan*
Jennifer H. Doan