**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **ALMONDNET, INC. and INTENT IQ, LLC,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**SNAP INC.,**<br><br>***Defendant*.** | **Civil Action No. 7:25-cv-00181-DC-DTG**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SNAP INC.'S REPLY IN SUPPORT OF AMENDED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Plaintiffs' Opposition is a *déjà vu* pleading for this Court. This District transferred Plaintiffs' cases against Samsung Electronics (asserting the same three patents) and Meta Platforms (asserting the '398 Patent) to California. *AlmondNet, Inc v. Meta Platforms, Inc.*, No. W-21-CV-00896-ADA, 2022 WL 22881848 (W.D. Tex. Nov. 29, 2022); *AlmondNet, Inc. v. Samsung Elecs. Co.*, No. W-21-CV-00891-ADA, 2022 WL 17574082 (W.D. Tex. Nov. 28, 2022). Here, Plaintiffs once again advance the same factual and legal positions that this District previously rejected. Plaintiffs' Opposition grossly overstates the actual scope of the Asserted Patents and Plaintiffs' Infringement Contentions, thus Plaintiffs' Opposition is a *non-sequitur* and transfer to California is proper. Plaintiffs also do not contest that they have no meaningful Texas contacts.

**1. Plaintiffs' Response Does Not Correlate to Its Infringement Contentions or Claims.**

Plaintiffs' Opposition argues Snap failed to identify hypothetical witnesses, such as members of Snap's (1) Solutions Engineering, (2) Demand Platform or (3) Ads Manager teams. These individuals have no relevance to the Snap technology Plaintiffs *actually* accuse.[1]

The Solutions Engineering team works directly with customers to implement "custom feature request[s] from an advertiser." Ex. A at 37:8-11 (Muralidharan Depo.). The Demand Platform team builds and maintains functionality that allows advertisers to create ads and manage ad campaigns (*id.* at 38:19-21, 39:5-12) using a tool managed by the Ads Manager team (*id.* at 39:5-8) which allows advertisers to determine financial spend, campaign length and other business

[1] Plaintiffs accuse Snap of receiving data from third parties through Snap Pixel and Snap Conversions API ("CAPI") and using that data for "Activity Based Ads" and "Audience Targeting" in the Snapchat application. Doc. 32 ¶ 11; Doc. 32-2, pp. 2, 4–6. Plaintiffs' claim chart identifies "Data [Snap] Receive[s] From Others," "The Information Snap Collects and Receives About [Users] To Provide [Users] Ads," and "Information [Snap] receive[s] from [its] advertisers and partners." Doc. 32-2, pp. 2–5. Plaintiffs accuse these systems of infringing the '198 and '398 Patents. Doc. 32 ¶ 21; Doc. 32-4, pp. 3–5. Plaintiffs identify in the '146 claim chart "Third-Party Ad Networks." Doc. 32-6, pp. 2–3, 13–14.

parameters. Plaintiffs' infringement allegations do not relate to these areas. Instead, Plaintiffs accuse specific ways of tracking users to whom specific ads should be presented, "through Snap Pixel and Snap's Conversion API." Doc. 32-2, p. 5; Doc. 32-4, p. 4. As set forth in Snap's Declarations, the individuals responsible for those features are principally in California.

With respect to the *accused* features, the Opposition does not dispute Snap's declaration correctly identifies employees with the most relevant information and whom Snap reasonably expects to testify (see chart below). Whether hypothetical witnesses reside in Texas is immaterial if CDCA is indisputably more convenient for the preponderance of witnesses. *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *5 (Fed. Cir. Oct. 13, 2021) (convenience of witnesses "clearly favors transfer" despite four defendant employees in WDTX); *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020) (although defendant had employees in Austin "that may have relevant information, . . . [the transferee district] would still be more convenient").

| Name | Relevance | Location |
|---|---|---|
| Murali Anagani | Engineer, coded an Accused Instrumentality | CDCA |
| Hooman Javaheri | Senior Engineering Manager, coded Accused Instrumentality | CDCA |
| Arun Muralidharan | Engineering Manager, coded Accused Instrumentality | CDCA |
| Ruxuan Ouyang | Senior Data Scientist for Accused Instrumentalities | CDCA |
| Houshmand Shirani-Mehr | Engineering Manager, coded Accused Instrumentality | Palo Alto |
| Blake Thielmann | Senior Finance Manager, oversees Snap's ad revenue | CDCA |
| Anirudh Venkatesh | Principal Engineer, manages Accused Instrumentality | CDCA |

In response, Plaintiffs present an array of LinkedIn documents it contends support an inference other possible witnesses reside in Texas. Plaintiffs' reliance on unauthenticated, hearsay LinkedIn documents is curious when Plaintiffs previously told Judge Albright that "LinkedIn is not a reliable source of evidence." *Samsung,* 2022 WL 17574082 at *7. And, as with its other arguments, these exhibits do not relate to features Plaintiffs actually accuse.

Plaintiffs incorrectly argue that Mr. Muralidharan did not conduct a proper investigation. His Declaration states that he is the Engineering Manager responsible for the technical areas

Plaintiffs actually accuse of infringement. Doc. 44-1 at ¶ 6. Along with his manager, Mr. Javaheri, they collectively manage more than 100 engineers responsible for this work. *Id.* at ¶¶ 7-13. For each of these employees, Mr. Muralidharan reviewed Snap HR records showing "information about Snap employees, who they were, where they were located, ***what they were working on***." Ex. A at 17:19-21. There was simply no need for him to speak with the individuals whose work he manages daily. Plaintiffs complain, for example, that Mr. Muralidharan did not explicitly speak with Chen Guo. Yet, Mr. Muralidharan testified that he personally knows Mr. Guo and that he is part of Solutions Engineering (which is not accused). *Id.* at 108:20-109:7. He similarly testified that he knew what Mohit Goyal and Rikin Tanna were doing (and therefore did not need to talk to them) because "I worked with them both on the same thing." Ex. A at 61:7-8. Similarly, Mr. Venkatesh's Declaration states that he is the most tenured Snap person with knowledge of third-party ad network integrations. Doc. 44-2 at ¶5. He also testified that Snap does not currently integrate with third-party ad networks. *Id.* He too reviewed Snap HR records in preparing his declaration. Ex. B at 11:14-15. There was simply no need to "scour the Earth" in the manner Plaintiffs implies when each declarant possessed extensive personal knowledge.

Plaintiffs next vaguely references "110 remote and contingent workers," arguing that perhaps they are relevant to the Court's analysis. Op. Br. at 5. In his deposition, Mr. Muralidharan testified that these individuals did not work on the accused Snap Pixel or Snap Conversions API. Ex. A at 99:25-100:5. When asked how he was certain, he responded "[b]ecause I know the people that work on Snap Pixel and Snap Conversions API." *Id.* at 100:8-9.

Plaintiff misconstrues the record concerning Snap's original "engineers" who coded the accused systems. Op. Br. at 7. Plaintiffs do not dispute that Mr. Shirani-Mehr was one of the original engineers responsible for the features Plaintiffs accuse or that he resides in Palo Alto. Ex.

A at 45:5-6. When asked how Mr. Muralidharan knew that Mr. Shirani-Mehr was one of the original engineers who coded the system, he testified "he told me that." *Id.* at 45:10. He further testified that Mr. Javaheri (a current Snap employee located in CDCA) was the other person "primarily" responsible for the system's original design and creation (*id.* at 141:20-23) and that together they were the "original architects" (*id.* at 142:3-4). On this record, there is no doubt that the majority of key fact witnesses are in California.

Plaintiffs incorrectly state that the "costs of attendance" is "the most important factor in the transfer analysis." Op. Br. at 3. As Judge Albright previously opined, "[t]he most important factor in the transfer analysis is the convenience of the witnesses. [cite omitted]" *Samsung* at *3. As to potential Snap witnesses that reside in Seattle or Silicon Valley, this District's *Meta* opinion applies: "As this Court has previously held, travel from Seattle to the NDCA would likely be more convenient than travel from Seattle to the WDTX [citation omitted]." *Meta* at *7.

**2. Plaintiffs Misapply Federal Circuit and This District's 100 Mile Precedent.**

Plaintiffs next argue that Midland-Odessa is closer to New York than California under the so-called 100-mile rule. In support, Plaintiffs argue that Mr. Shkedi (its Chairman and inventor of the Asserted Patents) would find Midland-Odessa more convenient than Los Angeles.[2] Plaintiffs' argument ignores this District's Orders rejecting this reasoning in both the Samsung and Meta cases. *See, e.g., Samsung* at *4 ("Federal Circuit has held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor.").

[2] *Samsung* at *5 ("The Court rejects AlmondNet's argument that Waco is a more convenient forum for AlmondNet's witness Mr. Shkedi because Mr. Shkedi is willing to travel to Waco. As this Court has held, 'the Court will not weigh the convenience of a plaintiff's witnesses against transfer under this factor merely because the plaintiff attests that travel to this District would not represent an inconvenience upon witnesses with no apparent connection to this District.'").

**3. Access to Sources of Proof Supports Transfer**.

Mr. Muralidharan did not testify that he was "uncertain" whether Texas employees can access accused source code. He testified that "Github," the source code repository that controls which employees may access specific code, was set up so that "no Snap Texas employee[s] [have] access" to (1) Snap Pixel, (2) Snap CAPI, (3) the system that processes the information that Snap receives through Snap Pixel and Snap CAPI, (4) the system that processes information that Snap receives when advertisers directly upload to Snap a list of customers, and (5) the systems that process and compare information received from the signals and measurements team with the advertisers' request for targeted ads. Ex. A at 123:2-124:9. Recognizing that this testimony was harmful, Plaintiffs then asked whether, for example, the Solutions Engineering team might have its own source code that is hypothetically accessible in Texas. *Id.* at pages 125-26 (cited in Op. Br. at 10). Mr. Muralidharan speculated "[i]f it's the code that they're working on, there should be no reason for them to not have access to it." *Id.* at 126:10-12. Solutions Engineering code is not what Plaintiffs accuse. *Id.* at 37:2-11 (solutions engineering develops user "custom feature request"). Plaintiffs do not dispute that physical technical, financial and marketing materials reside in CDCA.

**4. Third Party Witness Location Supports Transfer.**

Plaintiffs do not dispute that Snap former employee Mohit Goyal (located in California) is a significant third-party witness. Additionally, the Court should reject Plaintiffs attempt to ignore at least 16 prior art witnesses also located in California. *Samsung* at *8 ("[T]he Federal Circuit has held it is an error to disregard prior art witnesses simply because prior art witnesses are generally unlikely to testify at trial."). Furthermore, "[b]ecause a greater number of prior art witnesses are located within the subpoena power of the NDCA, the Court concludes that this factor at least weighs slightly in favor of transfer." *Id.*

Dated: January 9, 2026

Respectfully submitted,

/s/ *Steven Schortgen*
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
Steven G. Schortgen
Texas Bar No. 00794603
sschortgen@sheppardmullin.com
Jennifer Klein Ayers
Texas Bar No. 24069322
jayers@sheppardmullin.com
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401

**HALTOM & DOAN**
Jennifer H. Doan
Texas Bar No. 08809050
jdoan@haltomdoan.com
Joshua R. Thane
Texas Bar No. 24060713
jthane@haltomdoan.com
Mariah L. Hornok
Texas Bar No. 24113074
mhornok@haltomdoan.com
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000

ATTORNEYS FOR DEFENDANT SNAP INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on January 9, 2026.

*/s/ Steven Schortgen*
Steven Schortgen