**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ALMONDNET, INC. and**<br>**INTENT IQ, LLC,** | § | |
| | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **Case No. 7:25-cv-00181-DC-DTG** |
| | § | |
| **SNAP, INC.,** | § | |
| | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

**TO:　THE HONORABLE DAVID COUNTS,
　　　UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, and the Order referring this matter to the undersigned (Dkt. No. 7). The defendant moved to dismiss the plaintiffs' First Amended Complaint under Rule 12(b)(6). Dkt. No. 38. The undersigned held a hearing on April 2, 2026. The Motion has been fully briefed, and after careful consideration of the briefs, arguments of counsel, and the applicable law, the undersigned **RECOMMENDS** that the defendant's Motion to Dismiss be **DENIED-IN-PART** and **GRANTED-IN-PART.**

**I.　　BACKGROUND**

The plaintiffs, AlmondNet, Inc. and Intent IQ, LLC, filed this suit alleging that the defendant, Snap, Inc., directly and willfully infringed on their rights to U.S. Patent No.

10,321,198 (the "'198 Patent") and U.S. Patent No. 8,677,398 (the "'398 Patent"), and that the defendant willfully induces infringement of U.S. Patent No. 8,959,146 (the "'146 Patent"). All three patents relate generally to internet advertising systems. Dkt. No. 32 at 3-8. Under Federal Rule of Civil Procedure 12(b)(6), the defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 38. The plaintiff, Intent IQ, LLC, originally filed this action on April 18, 2025, alleging infringement of the '198 Patent. Dkt. No. 1. On June 30, 2025, the defendant filed a Motion to Dismiss the Original Complaint pursuant to Rules 12(b)(6) and 12(b)(7). Dkt. No. 13. On September 16, 2025, the plaintiffs filed their First Amended Complaint, adding AlmondNet, Inc. as a co-plaintiff and asserting infringement of all three patents. The plaintiffs alleged that the defendant directly, indirectly, and willfully infringes the asserted patents. Dkt. No. 32. The defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 38.

## II.      LEGAL STANDARD

The defendant's Motion is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a Rule 12(b)(6) motion to dismiss, the court assumes that the facts alleged in the complaint are true and asks whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 667-84 (2009). Dismissal is appropriate when the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

A claim for direct patent infringement arises when a person "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). To state a claim for

direct infringement, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). An element-by-element pleading of fact for each asserted patent claim is not required. *Sesaco Corp. v. Equinom Ltd.,* No. 1:20-CV-1053-LY, 2022 WL 1546642 at *1 (W.D. Tex. Mar. 11, 2022). But to state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim. *Encoditech, LLC v. Citizen Watch Co*., No. SA-18-CV-1335-XR, 2019 WL 2601347 at *3 (W.D. Tex. June 25, 2019).

To properly plead an induced infringement claim, the plaintiffs must plead specific elements. The plaintiffs must plead that (1) the defendant had actual knowledge of the patent; (2) the defendant knowingly induced a third party to infringe the patent; and (3) the defendant had the specific intent to induce infringement. *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). The knowledge element requires that the accused infringer had actual knowledge or was willfully blind to the existence of the patents-in-suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). For pre-suit inducement, a plaintiff must further plead that the defendant knew that the infringing acts constituted infringement before the lawsuit was filed. See *BillJCo, LLC v. Apple, Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022) (dismissing a pre-suit inducement claim where the plaintiff failed to allege pre-suit knowledge of the asserted patents).

To state a claim for willful infringement, the plaintiffs must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 105 (2016). This requires alleging facts to plausibly show the defendant

(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew or should have known that its conduct amounted to infringement of the patent. *Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 7118041, at *3 (W.D. Tex. Oct. 27, 2023).

### III.    ANALYSIS

The defendant's motion seeks dismissal of several claims. It seeks complete dismissal of the claims based on the '198 Patent, the '398 Patent, and the '146 Patent. Dkt. No. 38 at 2-3. It also seeks dismissal of the pre-suit indirect infringement claims based on the '146 patent and all pre-suit willfulness claims. *Id*. Each basis for the motion is addressed below.

**A.  The Plaintiffs have Plausibly Plead Direct Infringement of the '198 Patent.**

The plaintiffs allege that the defendant makes, uses, offers for sale, sells, and/or imports Snapchat's computer systems, which directly infringe one or more method claims of the '198 Patent. Dkt. No. 32 ¶11. The plaintiffs attached a claim chart to the First Amended Complaint and mapped each limitation of Claim 1 to the defendant's products and services. *See* Dkt. No. 32-2.

The defendant argues that the claim chart fails to identify with specificity how its products perform all the required limitations of Claim 1. The defendant specifically points to limitation 1(a), which requires receipt of a notice that "results from and signifies" a television advertisement aired on a set-top box, as a limitation that the plaintiffs failed to address. Dkt. No. 38 at 7. According to the defendant, nothing in the claim chart explicitly ties the ComScore data to a set-top box. *Id.* at 8.

The plaintiffs disagree. They counter that receipt of the claimed notification is a plausible inference from the facts as pled. Dkt. No. 43 at 3-5. They explain how such an inference is plausible from the information in the chart and the Amended Complaint. *Id*.

The undersigned finds that the complaint and claim chart satisfy the pleading requirements. Under Rule 8(a), a complaint need only provide fair notice of the claim and the grounds upon which it rests—element-by-element pleading is not required. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013). The defendant's Pixel code, privacy policy, and alleged collection of television and movie viewership data, taken together, give rise to a plausible inference that the accused system receives notifications resulting from and signifying a television advertisement on a set-top box. *See* Dkt. No. 32-2. Whether the ComScore data is, in fact, tied to a set-top box is a factual question better resolved after discovery and claim construction.

The undersigned believes that the defendant's reliance on *Adnexus Inc. v. Meta Platforms, Inc.* is misplaced, because *Adnexus* was reversed on appeal. The defendant relies on that case for the proposition that dismissal is appropriate where a claim chart fails to plausibly map a disputed claim term to the accused product. Dkt. No. 49 at 2 (citing the trial court at 6:23-cv-152-JKP, 2024 WL 409738, at *4 (W.D. Tex. Feb. 2, 2024)). The Federal Circuit, however, reversed the district court in *Adnexus*, holding that the lower court had improperly construed a disputed claim term against the non-moving party without affording that party an opportunity to be heard through the claim construction process. *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1222 (Fed. Cir. 2025). A similar concern applies here as construing "set-top box identifier" against the plaintiffs at the pleading stage, before claim construction has occurred, would be

premature and procedurally improper. *See Adnexus*, 160 F.4th at 1221 (stating that at the pleading stage all reasonable inferences should be drawn in the plaintiff's favor).

The undersigned is similarly unpersuaded by the defendant's reliance on *Shamoon v. City of San Antonio*. Dkt. No. 49 at 3 (citing No. SA-18-cv-00718-XR, 2025 WL 1356399, at **4-6 (W.D. Tex. April 30, 2025)). In that case, the court found general allegations that a mobile device could remotely control another device failed to specifically allege a claim element that required SMS text messaging communication. *Shamoon*, 2025 WL 1356399, at *5-6. Notably, *Shamoon* involved different patents and parties than those at issue, and the claim term at issue in *Shamoon* had already been subject to construction during a previous inter partes review. *Id*. The *Shamoon* case has also been appealed. *See Shamoon v. City of San Antonio*, No. 26-1193 (Fed. Cir. Dec. 5, 2025). The undersigned is not persuaded that *Shamoon* requires dismissal in this case and that the plaintiffs are required to provide the level of detail the defendant requests. *See Adnexus*, 160 F.4th at 1223; *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35, 42 (Fed. Cir. 2024) (reversing a dismissal and noting "[a]lthough not required to do so to avoid dismissal under Rule 12(b)(6), the complaint expressly maps each claim limitation to the accused VISA Products."); *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (holding that identification of accused products and alleging that they meet 'each and every element of at least one claim of [the asserted] Patent" is sufficient.). The undersigned therefore **RECOMMENDS** that the defendant's Motion to Dismiss the direct infringement claim as to the '198 Patent be **DENIED**.

## B. The Plaintiffs have Plausibly Plead Direct Infringement of the '398 Patent.

The defendant's motion as to the '398 Patent centers on two requirements of Claim 13. The defendant notes that claim 13 requires two devices—a first device and a second device—and

requires that the second device be "'indicated at the time of the action' by an electronic identifier that is electronically associated with the first identifier." Dkt. No. 38 at 9-10. The defendant also argues that the claim chart does not describe how the defendant "allegedly performs the action with respect to a second device." *Id*. at 10. They also contend that the plaintiffs point to facts supporting different limitations in an improper "mixing and matching" of features. Dkt. No. 49 at 5 (citing *AK Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY, 2023 WL 1787303, at *4-5 (W.D. Tex. Feb. 6, 2023)).

The plaintiffs respond by detailing the evidence in their claim chart. The plaintiffs point to evidence supporting claim 13(b)—which shows that the defendants compare the IP addresses of two devices—to show how it has plausibly alleged infringement that the defendant associates device identifiers to two required devices. Dkt. No. 43 at 5. The plaintiffs explain how comparing these devices, plausibly indicates the existence of device identifiers that are plausibly established at the time of the action taken by the first device. Dkt. No. 43 at 5-6. The plaintiffs contend that by reading all the evidence in support of its claim 13 infringement allegation, they have plausibly plead a claim for direct infringement of the '398 Patent. *Id*,

The undersigned finds the defendant's reliance on *AK Meeting IP LLC v. Zoho Corp.* unpersuasive. Case No. 1:22-cv-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023). In its reply, the defendant contends that courts in this District caution "against 'mixing and matching' patented features." Dkt. No. 49 at 5. In *AK Meeting*, however, the plaintiff relied on distinct features of different products to satisfy different claim elements and tried to salvage its pleading mistake with an unsupported allegation in its briefing that alleged the different products were integrated. *AK Meeting*, 2023 WL 1787303, at *4. In the present case, the plaintiffs' pleadings accuse a

single unified system of infringement, and their briefing simply refers to evidence of that system cited under different elements of claim 13 to support its arguments. Dkt. No. 43 at 5-6. There is no mixing and matching of accused products.

The undersigned finds that dismissal at this stage is unwarranted. The core dispute here is not merely evidentiary but also involves questions of claim scope—what it means for a second device to be "indicated at the time of the action" by an identifier "electronically associated" with the first device. The undersigned finds the pleadings sufficient and that it would be improper to construe a limitation against the plaintiffs at the pleading stage. *See Adnexus*, 160 F.4th at 1223; *AlexSam*, 119 F.4th at 43-44; *Disc Disease*, 888 F.3d at 1260 (Fed. Cir. 2018). The undersigned therefore **RECOMMENDS** that the defendant's Motion to Dismiss the direct infringement claim as to the '398 Patent be **DENIED**.

## C.  The Plaintiffs have Plausibly Plead Post-Suit Indirect Infringement of the '146 Patent.

The defendant next argues for dismissal of the plaintiff's claims of indirect infringement of the '146 Patent. Dkt. No. 38 at 11. First, the defendant contends that the plaintiffs' allegations that the defendant instructs advertising partners to infringe are based only on information and belief without any factual support. *Id*. at 13. Second, it contends that the only evidence the plaintiffs cite for intent are two images that fail to plausibly allege intent. *Id*. at 13-14. Finally, the defendant contends that evidence showing it provides limited user data to advertisers fails to plausibly allege any active steps by the defendant. *Id*. at 15.

The plaintiffs again dispute this claim and respond to each of the defendant's assertions. First, the plaintiffs point to the specific factual allegation in its complaint that the defendant solicits advertising bids using open-source real-time bidding protocol or something similar. Dkt. No. 43 at 6 (citing Dkt. No. 32-6 at 4); *see also* Dkt. No. 32 ¶ 34 (describing how the defendant

provides advertisers information in a bid request to prompt a bid response). In response to the defendant's claim that no facts support this allegation, the plaintiffs point to evidence showing that the defendant provides information to third-parties to allow "third-party ad networks to serve ads," which requires some protocol such as real-time bidding. Dkt. No. 43 at 7 (citing Dkt. No. 32-2 at 10).[1] Second, the plaintiffs point to evidence in addition to the two screen shots and to reasonable inferences that support their allegation of intent to infringe. *Id*. at 8. Finally, the plaintiffs point to their above arguments to refute the defendant's claim that the plaintiffs failed to disclose any active steps by the defendant to encourage infringement. *Id*. at 9.

The undersigned is persuaded that the plaintiffs have alleged sufficient facts to plead a claim for post-suit indirect infringement of the '146 Patent. The First Amended Complaint alleges that the defendant "induces infringement of the '146 Patent by facilitating the delivery of data (e.g., an IP address, Mobile Ad ID, and event activity) to multiple advertising partners" so those advertising partners can decide what they are willing to pay for ad space. Dkt. No. 32 ¶ 31. The complaint provides specific facts demonstrating that the defendant provides data to ad networks so that third parties can "use third-party ad networks to serve ads on Snapchat," which results in higher ad prices. Dkt. No. 32 ¶ 34; Dkt. No. 32-6 at 1, 12-13. This factual evidence supports a plausible inference that the defendant instructs third parties how to infringe the '146 Patent. As noted by the plaintiffs, it is also a reasonable inference that ads must be served on the defendant's platform through some protocol, of which real-time bidding is one example. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (stating that under Rule 12(b)(6) all inferences must be drawn in favor of the nonmoving party). Making these allegations based on information and belief does not prevent them from plausibly stating a claim for relief because

---

[1] Plaintiffs cited page 12 of Dkt. No. 32-2, but the quoted language appears on page 10.

such pleading is expressly permitted where the information is peculiarly within the defendant's control. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that when a defendant has control over information necessary to assert a claim, the plaintiff may plead on information and belief and provide enough facts to show that it is more than a fishing expedition). How the defendant's servers communicate with third-party advertising partners is internal, non-public information, but the plaintiffs have provided sufficient factual support making their information-and-belief allegation plausible. The defendant's reliance on a declaration in support of its motion to transfer is unpersuasive as it is outside the pleadings and merely highlights a factual dispute, which indicates that the defendant understands how it is accused of infringement. *See* Dkt. No. 49 at 7, n.4; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (stating that when ruling on 12(b)(6) motions, courts must consider the complaint, documents incorporated into the complaint by reference and matters of which a court may take judicial notice).

The undersigned finds the defendant's reliance on *Vervain* misplaced. Unlike *Vervain*, this case does not involve software and hardware for solid state memory, and no heightened pleading standard applies. *See Vervain, LLC v. Micron Tech., Inc.* No. 6:21-cv-00487-ADA, 2022 WL 23469 at *5 (W.D. Tex. Jan. 3, 2022); *see also Lionra Techs. Ltd. v. Apple Inc.*, No. 6:22-CV-351-ADA, 2023 WL 11915728, at *2 (W.D. Tex. May 10, 2023) (distinguishing *Vervain* on similar grounds). As discussed above, the plaintiffs did more than attach photos and summarily allege infringement. Rather, the defendant has been given fair notice of the plaintiffs' claims. *Compare* Dkt. No. 32 ¶¶29-36, Dkt. No. 32-6 (providing claim-by-claim analysis with specific factual allegations) *with Vervain*, 2022 WL 23469, at *5 (finding allegations insufficient to draw reasonable inference of defendant's liability). The undersigned therefore **RECOMMENDS** that

the defendant's Motion to Dismiss the post-suit indirect infringement claim as to the '146 Patent

be **DENIED**.

### D.  The Plaintiffs Failed to Plausibly Plead Pre-suit Indirect Infringement or Willful Infringement.

Finally, the defendant moves to dismiss all claims of pre-suit indirect and willful infringement, because there is no allegation that the defendant had any pre-suit knowledge of the patents or its alleged infringement. Dkt. No. 38 at 15.[2] The defendant properly contends that indirect infringement and willful infringement require knowledge of or willful blindness to the patents. *Id*. at 15-16. It notes that the plaintiffs only allege knowledge and willfulness "[t]hrough at least the filing of the complaint." *Id*. at 16 (citing Dkt. No. 32 ¶¶ 13, 23, 32). Without any other factual support for pre-suit knowledge, the defendant contends these claims should be dismissed.

The plaintiffs do not oppose this part of the motion. Dkt. No. 43 at 9. They only note that pre-suit and post-suit claims are separate claims, and that leave to amend should be freely granted should facts arise showing pre-suit knowledge. *Id*.

Both indirect infringement and willful infringement claims require plausible allegations of knowledge. A claim for pre-suit indirect infringement requires the plaintiffs to plead facts showing that the defendant knew of the patent. For induced infringement, the plaintiffs must plausibly allege that defendant knew that the induced acts constituted direct infringement. *See BillJCo, LLC*, 583 F. Supp. 3d at 774. For pre-suit contributory infringement, the plaintiffs must

---

[2] The defendant only expressly moved to dismiss pre-suit inducement based on the '146 Patent, because the plaintiffs had not alleged induced infringement of the '198 and '398 Patents.

plausibly allege that the defendant knew of the patent before the lawsuit. *Id*. at 775.[3] Finally, stating a claim for pre-suit willful infringement requires the plaintiffs to plausibly allege pre-suit knowledge of the patents-in-suit. *Id*. at 774.

The undersigned agrees that these pre-suit claims should be dismissed. Both claims rest on the defendant's alleged post-suit knowledge of the Asserted Patents as the First Amended Complaint only alleges that the defendant acquired such knowledge from the filing and service of the complaint. Dkt. No. 32, ¶¶ 13, 23, 32. There are no allegations that the defendant was aware of any of the Asserted Patents before suit was filed. Nor are there any allegations that the defendant knew or should have known that its or any third-party's conduct constituted infringement before this suit was filed. Also as noted above, the plaintiffs do not oppose dismissal of these claims. Dkt. No. 43 at 9-10. It is therefore **RECOMMENDED** that the defendant's motion be **GRANTED** as to pre-suit indirect infringement and pre-suit willful infringement without prejudice.

## IV.    RECOMMENDATION AND ORDER

For the above reasons, the undersigned recommends that the defendant's Motion to Dismiss the direct infringement claims as to the '198 and '398 Patents and the indirect infringement claim as to the '146 Patent be **DENIED**, but that the plaintiffs' claims for pre-suit indirect infringement and pre-suit willful infringement be **GRANTED** without prejudice to repleading. For those reasons, the **RECOMMENDATION** of the undersigned is that the defendant Snap, Inc.'s Motion to Dismiss (Dkt. No. 38) be **DENIED-IN-PART** and **GRANTED-IN-PART**.

---

[3] Indirect infringement encompasses both induced infringement and contributory infringement. Although the plaintiffs have not alleged contributory infringement here, the knowledge requirement for contributory infringement is included for completeness.

## V.    IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 11th day of May, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

Page 13 of 13